PER CURIAM.
Plaintiff-appellants seek review of an adverse final judgment awarding defendant-appellee damages in a breach of contract action.
On January 13, 1972 plaintiffs, Eva Larsen and Madeline Majocchi, entered into a written contract whereby the defendant, *51 Miami Gardens Development Corporation, agreed to construct a house and convey it to the plaintiffs. Pursuant to the terms thereof, plaintiffs tendered to the defendant a $5,000 deposit. The contract provided, inter alia: (1) that the defendant agrees to have the subject dwelling completed and ready for occupancy within six months from the date of the contract or within a reasonable time thereafter, and if the dwelling is not completed within that time, the seller, at the option of the purchasers, shall refund to the purchasers the deposit money, and the contract shall be null and void, and (2) that the approval of the building department as to the construction and the certificate of occupancy obtained from Dade County shall constitute sufficient evidence of completion in a satisfactory and workmanlike manner. Although the closing was set for July 13, 1972, plaintiffs agreed to a postponement to allow the defendant to obtain kitchen cabinets and Florida Power & Light Company to complete the necessary wire installation. The parties agreed to close on August 1, 1972. However, on that date defendant informed plaintiffs that the closing could not take place until August 11, 1972 because no certificate of occupancy had been issued. By letter dated August 8, 1972 plaintiffs elected to terminate the agreement. On August 23, 1972 defendant notified the plaintiffs by telegram that it was ready, willing and able to complete the sale and requested closing on either August 25 or 28, 1972. Plaintiffs refused to close and thereupon defendant exercised its contract option to retain the deposit as liquidated damages. Thereafter, plaintiffs filed the instant complaint against the defendant wherein they sought damages and return of their deposit for breach of contract within the time agreed. A trial on the issue of liability was held and the trial court found that the equities were with the defendant, but refused to allow the defendant to retain plaintiffs’ $5,000 deposit as liquidated damages. Thereafter, a separate trial was held on the issue of damages at the conclusion of which the trial judge entered final judgment for the defendant in the sum of $4,904.34 and ordered defendant to return to plaintiffs the excess of the deposit over that amount. Plaintiff-appellants appeal therefrom.
After a careful examination of the record on appeal, we find there was competent substantial evidence to support the trial court’s determination that the equities in the cause are with the defendant. We also affirm the items awarded as damages with the exception of the attorneys’ fees which were incurred in representing the defendant as there was no legal basis therefor in the case sub judice. See 9A Fla.Jur. Damages § 79 (1972).
Accordingly, we remand the cause to the trial court to reduce the $4,904.34 final judgment by the amount of attorneys’ fees incurred in representing the defendant which improperly was included as an item of damages. In all other respects the judgment is affirmed.
Affirmed in part and remanded.